IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DONALD LOUIS BOSLEY,               ) | |
|       Petitioner,                            ) | |
|                                                   ) | |
| v.                                                ) | |
|                                                   ) | Civil No. 7:08-CV-109-O |
| RICK THALER, Director,                ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division,      ) | |
|       Respondent.                         ) | |

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Petitioner, Donald Louis Bosley, challenges the validity of his Wichita County conviction for the offense of indecency with a child by contact, for which he was sentenced to eighteen years in prison. *State v. Bosley*, No. 40,261-C (89th District Court of Wichita County, Texas 2004). He now seeks federal habeas relief on the following grounds:

    1.    involuntary plea of guilty;

    2.    the trial court failed to make any determination as to the voluntariness of his guilty plea;

    3.    the trial court failed to admonish him with regard to his guilty plea;

    4.    the conviction was obtained by an improper jury instruction which directed a finding of guilt;

    5.    denial of due process when the trial court failed to provide the required admonishments, and;

    6.    the prosecutor engaged in a pattern of misconduct which denied him a fair trial.

Petition ¶ 20.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted on April 22, 2004. Petition ¶ 2; *Ex parte Bosley*, App. No. WR-70,006-01, Event ID 2332430 at pp. 37-38. On March 9, 2006, the judgment in his case was affirmed on direct appeal. *Bosley v. State*, No. 02-04-00337-CR (Tex. App. – Ft. Worth 2006, pet. ref'd). The Texas Court of Criminal Appeals refused Bosley's petition for discretionary review on August 30, 2006 and his petition for writ of *certiorari* was denied on January 16, 2007. *Bosley v. State*, No. PD-0513-06 (Tex. Crim. App. 2006); *Bosley v. Texas*, No. 06-800 (U.S. 2007). Petitioner filed his state application for habeas relief on April 23, 2008, which was more than one year after

his conviction became final.[1]  *Ex parte Bosley*, App. No. WR-70,006-01, Event ID 2332430 at p. 2. He filed the instance action on July 1, 2008, after the expiration of the one-year statute of limitations.[2]

Respondent argues that the instant petition is time-barred and should be dismissed for that reason.  Petitioner argues that the instant petition should be considered timely because the state district clerk refused to accept his first state habeas application, which was mailed on December 21, 2007.[3]  Petitioner's Reply to Respondent's Answer pp. 1-3.  Bosley states that, on March 7, 2008, he inquired about the status of his state application to which the state district clerk replied telling him to contact the Court of Criminal Appeals.  *Id.* at Appendix F.  Bosley sent a second status request on April 4, 2008 to which the district clerk replied that nothing had been filed in his case since October 11, 2006.  *Id.* at Appendices G & H.   Bosley then submitted the state habeas application that is on record in this case.  In support of his argument for tolling of the federal statute of limitations, Bosley claims that the state district clerk's refusal to accept his first habeas application constituted a state created impediment which prevented him from filing his federal petition within the one-year period. *Id.* at p. 3.

Bosley is not entitled to statutory tolling under 28 U.S.C. § 2244(d).  The statutes states in pertinent part:

---

[1] For purposes of the one year statute of limitations for filing a federal habeas petition, Bosley's conviction became final on January 16, 2007, the day his petition for writ of *certiorari* was denied.

[2] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition).  Therefore, the Court will consider the instant petition filed on the date it was signed by Bosley, July 1, 2008.

[3] For purposes of this opinion, the Court assumes the truth of Bosley's statement that he mailed a state habeas application on December 21, 2007.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

28 U.S.C. § 2244(d)(1)(B). The statute refers to a state created impediment to the filing of a *federal* habeas application and requires that such state action be "in violation of the Constitution or laws of the United States." Bosley argues that state action prevented the filing of his *state* habeas application and that he missed his federal deadline because he did not know that his first state application was never filed. This argument, while inviting, does not fall within the purview of the exception set forth in 28 U.S.C. § 2244(d)(1)(B). As suggested by Respondent, Bosley, through the exercise of due diligence, could have discovered that his first state application had not been filed and/or he could have filed a protective federal petition prior to the expiration of the one-year deadline. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines v. Weber*, 544 U.S. 266, 278 (2005). Moreover, Bosley has not shown that the alleged state action was "in violation of the Constitution or laws of the United States."

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing

(1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Petitioner's argument that the state district clerk failed to

file his first state application is insufficient to warrant equitable tolling of the statute of limitations applicable to a federal habeas petition.[4]

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DISMISSED as TIME-BARRED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 29th day of September, 2011.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4] Under the circumstances of this case, any argument that Petitioner could not file his federal petition until the Texas Court of Criminal Appeals ruled on his state application is without merit. Where a state official refuses to accept a state habeas application, state remedies are deemed exhausted. *Finetti v. Harris*, 609 F.2d 594, 598-99 (2d Cir. 1979); *Witzke v. Withrow*, 702 F.Supp. 1338, 1350 (W.D. Mich. 1988).